UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

Margaret Marcelus Bens,
Plaintiff,

v.                          Case No. 2:26-cv-438-JES-DNF

National Credit Systems, Inc.,
Defendant.

## COMPLAINT (FAIR CREDIT REPORTING ACT)

### I. JURISDICTION AND VENUE

1. This action arises under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.
2. This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.
3. Venue is proper in this District because Plaintiff resides in Fort Myers, Florida, received credit reports and dispute results in this District, and suffered the injury to her credit and creditworthiness in this District.

### II. PARTIES

4. Plaintiff Margaret Marcelus Bens is a natural person and a "consumer" as defined by 15 U.S.C. § 1681a(c).
5. Defendant National Credit Systems, Inc. ("NCS") is a "furnisher" of information to consumer reporting agencies ("CRAs"), including Experian, TransUnion, and Equifax.

### III. FACTUAL ALLEGATIONS

6. NCS furnished to one or more CRAs a collection tradeline reporting that Plaintiff allegedly owed $8,907 (the "$8,907 Balance").
7. The $8,907 Balance was materially inconsistent with the amounts previously alleged in publicly filed court records related to the underlying landlord-tenant dispute, including amounts of $6,642.32 and $7,310.32 (the "Lower Filed Amounts").
8. No monetary judgment was entered establishing an $8,907 debt owed by Plaintiff to the underlying creditor.
9. In or about September 2025, Plaintiff disputed the accuracy of the $8,907 Balance with Experian, TransUnion, and Equifax. Plaintiff's disputes explained that the $8,907 Balance was inconsistent with the Lower Filed Amounts and that no judgment supported the $8,907 Balance.
10. Following Plaintiff's disputes, the CRAs transmitted dispute notifications to NCS through the automated dispute verification process (ACDV/e-OSCAR), thereby triggering NCS's duties under 15 U.S.C. § 1681s-2(b).
11. After receiving notice of dispute, NCS sent Plaintiff a written response indicating that the account had been "verified as accurate."
12. After NCS verified the account, the CRAs continued to report the $8,907 Balance on Plaintiff's consumer credit file.
13. As of at least February 6, 2026, months after Plaintiff's disputes, the $8,907 Balance continued to be furnished and/or reported based on NCS's verification.
14. A reasonable investigation under 15 U.S.C. § 1681s-2(b) would have included review of readily available information reflecting the Lower Filed Amounts and the absence of any judgment establishing the $8,907 Balance.
15. NCS failed to conduct a reasonable investigation and failed to correct or delete the inaccurate and materially misleading $8,907 Balance after receiving notice of dispute.
16. The inaccurate and materially misleading reporting harmed Plaintiff's creditworthiness, caused

denial or less favorable terms of credit opportunities, and resulted in out-of-pocket losses and emotional distress.

**COUNT I – NEGLIGENT NONCOMPLIANCE (15 U.S.C. § 1681s-2(b); § 1681o) – Against NCS**
17. Plaintiff realleges paragraphs 1–16.
18. Upon receiving notice of Plaintiff's dispute from the CRAs, NCS had duties under 15 U.S.C. § 1681s-2(b), including to conduct a reasonable investigation, review all relevant information, and report the results accurately to the CRAs.
19. NCS negligently failed to comply with its duties under § 1681s-2(b) by verifying and continuing to furnish the $8,907 Balance despite the material inconsistencies described above.
20. As a direct and proximate result of NCS's negligent noncompliance, Plaintiff suffered actual damages, including credit harm, out-of-pocket losses, and emotional distress, recoverable under 15 U.S.C. § 1681o.

**COUNT II – WILLFUL NONCOMPLIANCE (15 U.S.C. § 1681s-2(b); § 1681n) – Against NCS**
21. Plaintiff realleges paragraphs 1–16.
22. NCS willfully failed to comply with its duties under § 1681s-2(b), including by acting in reckless disregard of the requirement to conduct a reasonable investigation and correct inaccurate or materially misleading information after receiving notice of dispute.
23. Plaintiff seeks statutory damages, punitive damages, and attorney's fees and costs pursuant to 15 U.S.C. § 1681n.

**PRAYER FOR RELIEF**
Plaintiff requests that the Court enter judgment in her favor and against Defendant NCS and award:
(a) Actual damages under 15 U.S.C. § 1681o and/or § 1681n;
(b) Statutory damages as permitted by 15 U.S.C. § 1681n;
(c) Punitive damages as permitted by 15 U.S.C. § 1681n;
(d) Reasonable costs and attorney's fees as permitted by 15 U.S.C. § 1681n and/or § 1681o; and
(e) Such other and further relief as the Court deems just and proper.

**JURY DEMAND**
Plaintiff demands trial by jury on all issues so triable.

Respectfully submitted,

*Margaret Marcelus Bens*

Margaret Marcelus Bens
6308 Panther Lane
Fort Myers, FL 33919
203-501-6159
marcelusbens@aol.com
Date: 3/19/26