UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARGARET MARCELUS BENS,

Plaintiff,

v. Case No: 2:26-cv-438-SPC-KRH

NATIONAL CREDIT SYSTEMS, INC.,

Defendant.

---

**OPINION AND ORDER**

Before the Court is Defendant National Credit Systems, Inc.'s Motion to Dismiss Complaint (Doc. 19). Plaintiff Margaret Marcelus Bens opposes (Doc. 24). For the below reasons, Defendant's motion is granted.

**BACKGROUND**

National Credit Systems, Inc. ("National Credit") provides information to consumer reporting agencies, including Experian, TransUnion, and Equifax. (Doc. 1 ¶ 5). In providing this information, National Credit reported that Magaret Marcelus Bens owed a $8,907 balance. (*Id.* ¶ 6). This balance, however, was inconsistent with the amounts alleged in the relevant underlying landlord-tenant dispute, which reflected outstanding balances of $6,642.32 and

$7,310.32. (*Id.* ¶ 7).

Bens disputed the $8,907 balance with Experian, TransUnion, and Equifax. (*Id.* ¶ 9). The disputes specifically noted the inconsistencies between the balance reported by National Credit and the state court action. (*Id.*) Experian, TransUnion, and Equifax then notified National Credit of the dispute. (*Id.* ¶ 10).

After investigating, National Credit sent Bens a written response indicating that the account was "verified as accurate." (*Id.* ¶¶ 11, 14–15). This ultimately caused Experian, TransUnion, and Equifax to continue reporting the incorrect $8,907 balance, which still appears on Bens' credit report. (*Id.* ¶¶ 12–13). This inaccurate report harmed Bens' creditworthiness and caused denial or less favorable terms of credit opportunities, out-of-pocket losses, and emotional distress. (*Id.* ¶ 16).

Bens now brings this lawsuit against National Credit alleging negligent and willful noncompliance with the Fair Credit Report Act ("FCRA").

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action

will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

To survive a motion to dismiss, a complaint needs sufficient factual allegations, accepted as true, to show the claim is plausible on its face. *Caterpillar Fin. Servs. Corp. v. Venequip Mach. Sales Corp.*, 147 F.4th 1341, 1346 (11th Cir. 2025). To be facially plausible, the plaintiff must plead facts that permit a reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 1347. Courts draw on their judicial experience and common sense to determine whether a complaint states a plausible claim. *Id.* The Court conducts a two-step process for a motion to dismiss. First, it determines what must be pled for each cause of action. *Id.* Next, the Court considers whether the well-pleaded factual allegations plausibly suggest an entitlement to relief. *Id.*

*Pro se* pleadings are held to a less stringent standard than counseled pleadings and are therefore liberally construed. *Campbell v. Air Jam. Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014). Nevertheless, this liberal construction does not entitle a court to serve as de facto counsel to a *pro se* party or rewrite deficient pleadings. *See id.* at 1168-69. *Pro se* litigants are still required to conform to procedural rules. *See Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (citation omitted).

## DISCUSSION

"Congress enacted FCRA in 1970 to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007). The FCRA "imposes two duties on furnishers." *Holden v. Holiday Inn Club Vacations Inc.*, 98 F.4th 1359, 1366 (11th Cir. 2024). First, "furnishers have a duty not to furnish information about a consumer to a reporting agency if the furnisher 'knows or has reasonable cause to believe' that the information is inaccurate." *Id.* (quoting *Milgram v. Chase Bank USA, N.A.*, 72 F.4th 1212, 1217 (11th Cir. 2023) (per curiam)). Second, "furnishers must take certain actions once notified [either by the consumer or a credit reporting agency] that a consumer disputes the accuracy or completeness of his or her furnished information." *Id.* (citing 15 U.S.C. § 1681s-2(b)).

When the furnisher is notified of a dispute, "the furnisher must (1) conduct an investigation with respect to the disputed information; (2) review all relevant information provided by the [consumer reporting agency]; and (3) report the results of the investigation to the [consumer reporting agency]." *Id.* (alteration in original) (quoting *Felts v. Wells Fargo Bank, N.A.*, 893 F.3d 1305, 1312 (11th Cir. 2018); 15 U.S.C. § 1681s-2(b)(1)). Where the information disputed is "incomplete, inaccurate, or cannot be verified, the furnisher must

either modify, delete, or permanently block reporting of that information." *Id.* (quoting *Felts*, 893 F.3d at 1312; 15 U.S.C. § 1681s-2(b)(1)(E)). The furnisher must also "report those results to all other [consumer reporting agencies.]" *Id.* (quoting *Felts*, 893 F.3d at 1312; 15 U.S.C. § 1681s-2(b)(1)(D)).

"To succeed on an FCRA claim, a plaintiff must establish (at least) two things." *Id.* at 1367 (quoting *Milgram*, 72 F.4th at 1218). First, they must "identify[] inaccurate or incomplete information that the furnisher provided to the reporting agency[,] [a]nd second, to prove an investigation was unreasonable, [they] must point out 'some facts the furnisher could have uncovered that establish that the reported information was, in fact, inaccurate or incomplete.'" *Id.* (alterations in original) (quoting *Felts*, 893 F.3d at 1313).

National Credit first argues that Bens failed to provide allegations "about the underlying debt[,] why it was disputed[,] [or] why the reported balance was false." (Doc. 19 at 4–5). Bens contends that National Credit mischaracterizes her claims and that she properly alleges "objective facts capable of documentary verification." (Doc. 24 at 2). As a prefatory matter, Bens presents new factual allegations and documents in her response (Doc. 24). Since these were not in the Complaint (Doc. 1), the Court does not consider them for the present motion.

The FCRA only provides a cause of action where the report is "factually

incorrect, objectively likely to mislead its intended user, or both[.]" *See Holden*, 98 F.4th at 1367-68 (quoting *Erickson v. First Advantage Background Servs. Corp.*, 981 F.3d 1246, 1251–52 (11th Cir. 2020)). Thus, for the report to be actionable, the information in dispute must be "objectively and readily verifiable." *Id.* at 1368.

The current factual allegations, though modest, are sufficient to plausibly state that the information in dispute is factually incorrect. Bens alleges the $8,907 balance cannot be accurate because the amount derives from an underlying landlord-tenant dispute where the landlord alleges the amounts due are $6,642.32 and $7,310.32. This is enough for the sake of a motion to dismiss to plausibly suggest the information National Credit furnished was factually incorrect.[1]

National Credit next argues that Bens "alleges in a conclusory fashion that a reasonable investigation would have included reviewing publicly available court records and would have revealed inconsistencies in the debt amount." (Doc. 19 at 6). Bens, however, contends that she has sufficiently alleged National Credit failed to conduct a reasonable investigation, because

---

[1] It is unclear if the underlying dispute is resolved. In any event, this case is distinct enough from *Holden* to suggest the information is "objectively and readily verifiable" as the underlying dispute likely requires a straightforward application of law to facts. *See Holden*, 98 F.4th at 1368.

they failed to review documents provided by her. (Doc. 24 at 4).

To determine "[w]hether a furnisher's investigation is reasonable [] depend[s] in part on the status of the furnisher—as an original creditor, a collection agency collecting on behalf of the original creditor, a debt buyer, or a down-the-line-buyer—and on the quality of documentation available to the furnisher." *See Felts*, 893 F.3d at 1312 (quoting *Hinkle v. Midland Credit Mgmnt., Inc.*, 827 F.3d 1295, 1301–02 (11th Cir. 2016)). When the investigation concludes that the disputed information was verified as accurate, "the question of whether the furnisher behaved reasonably will turn on whether the furnisher acquired sufficient evidence to support the conclusion that the information was true." *Id.* (quoting *Hinkle*, 827 F.3d at 1301–02).

Bens failed to allege any facts to support a reasonable inference that National Credit failed to conduct a reasonable investigation. First, there are no allegations about the status of National Credit (*e.g.*, original creditor, debt buyer, etc.). Next, while Bens explains that she filed a dispute with the credit reporting agencies, she fails to allege the documents she provided to the credit reporting agencies or what information National Credit had during its investigation. Instead, Bens only claims that National Credit "failed to conduct a reasonable investigation[,]" which is insufficient to support a plausible claim for relief. *See Twombly*, 550 U.S. at 555.

Without facts sufficient to plausibly allege that National Credit conducted an unreasonable investigation, Bens also fails to allege facts that would show willful non-compliance with FCRA. *See Burr*, 551 U.S 47, 59–60 (defining "willfully" as "both knowing and reckless disregard of the law"). Therefore, Bens currently fails to state either of her FCRA claims and the Complaint will be dismissed without prejudice.

Accordingly, it is

**ORDERED:**

Defendant's Motion to Dismiss Complaint (Doc. 19) is **GRANTED.** The Complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**. Plaintiff may file an Amended Complaint **on or before August 25, 2026**. Failure to comply with this Order may result in the case being dismissed without further notice.

**DONE AND ORDERED** in Fort Myers, Florida on August 11, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of record